UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIBERATO VENTURA, on behalf of himself and all others similarly situated. | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-2659-B |
| PROFESSIONAL FRAME AND HOME and WILLIAM LINARES, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Liberato Ventura's Motion for Final Default Judgment (Doc. 8), filed on May 1, 2019. For the reasons discussed below, the Court **DENIES without prejudice** Plaintiff's Motion for Final Default Judgement (Doc. 8) and **DENIES as moot** Plaintiff's Motion to Extend Time to Supplement the Record (Doc. 12).

## I.

## BACKGROUND

Plaintiff originally filed this suit against Defendants Professional Frame and Home and William Linares (collectively, "Defendants") on October 8, 2018, for overtime wage violations under the Fair Labor Standards Act (FLSA). Doc. 1, Pl.'s Compl. Plaintiff alleges that he was employed by Defendants as a carpenter from approximately January 20, 2015, through August 10, 2018. *Id.* ¶ 9. During that time, Plaintiff alleges that he worked an average of sixty-five hours per week but never received overtime pay for the time he worked in excess of forty hours per week as required by 29 U.S.C. § 207(a)(1). *Id.* ¶¶ 8, 14. Plaintiff further claims that Defendants willfully and intentionally

refused to pay him overtime wages, and Plaintiff now seeks to recover damages under 29 U.S.C. § 216(b). *Id.* ¶¶ 6, 15.

Defendants were served with the Summons and Complaint on December 20, 2018. Docs. 5–6, Returns of Service. Despite having received process, Defendants failed to answer or otherwise respond in the time allowed. On May 1, 2019, Plaintiff filed a combined request for Entry of Default by the Clerk and a Motion for Final Default Judgment (Doc. 8). The Clerk of the Court entered a default against Defendants on May 1, 2019. Doc. 9, Clerk's Entry of Default. Plaintiff's present Motion asks the Court to enter a default judgment in his favor and to award him $55,500.00 or alternatively $69,375.00 in total damages (depending on whether the statute of limitations applied), plus attorney's fees. Doc. 8, Pl.'s Mot. for Default J., ¶ 7. Defendants once again failed to respond to Plaintiff's Motion, and the time to do so has passed. The Court now considers whether default judgment is proper in this case.

## II.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure authorizes federal courts to enter a default judgment against a defendant who has failed to plead or otherwise defend a complaint. Fed. R. Civ. P. 55(a)-(b). Nevertheless, default judgments are disfavored by the Federal Rules and should be resorted to only in extreme circumstances. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment as a matter of right even when the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, the decision to issue a default judgment is "committed to the discretion of the district judge." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Mason v. Lister*, 562 F.2d 343, 345 (5th

Cir. 1977)). In considering a motion for default judgment, courts accept as true the well-pleaded allegations of fact in the complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Courts have developed a three-part analysis to determine whether a default judgment should be entered against a defendant. *Vickers v. Luschak*, 2018 WL 3036559, at *1 (N.D. Tex. June 19, 2018) (Boyle, J.) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)). First, courts must consider whether entry of default judgment is procedurally appropriate under the circumstances. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The relevant factors to consider include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for the judgment. *Nishimatsu*, 515 F.2d at 1206. Courts are to assume that a defendant admits to all well-pleaded facts in the plaintiff's complaint due to its default. *Id.* However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine "what form of relief, if any, the [plaintiff] should receive." *1998 Freightliner*, 548 F. Supp. 2d at 384. Although "[a] defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability," the same is not true for damages. *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011)

(citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002)). Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

Applying this three-part analysis, the Court ultimately concludes that while procedurally appropriate, Plaintiff has not provided a sufficient factual basis in his Complaint to entitle him to default judgment against Defendants for unpaid overtime wages under the FLSA. Moreover, Plaintiff has failed to provide adequate evidence to substantiate the number of unpaid overtime hours that he worked.

A.  *Whether Default Judgment is Appropriate*

After reviewing Plaintiff's Motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. First, Defendants have not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, given that Defendants have had over five months now to file an answer or explain their reticence to do so, the grounds for default are clearly established. *Cf. Elite v. The KNR Group*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000)

(per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining his failure to appear was due to financial privation). Fourth, there is no evidence before the Court to indicate that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Plaintiff only seeks the relief to which he is entitled under the FLSA, and Defendants' complete failure to respond in this case "mitigat[es] the harshness of a default judgment." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc*, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. *Lindsay*, 161 F.3d at 893. Accordingly, the Court concludes that default judgment is appropriate under these circumstances.

B.    *Whether There is a Sufficient Basis for Judgment in the Pleadings*

While procedurally warranted, however, the Court finds that there is insufficient factual support in Plaintiff's Complaint to enter a default judgment for Plaintiff for unpaid overtime wages under the FLSA. Due to their default, Defendants are deemed to have admitted the well-pleaded allegations of fact set forth in the Complaint. *Nishimatsu*, 515 F.2d at 1206. Nonetheless, the Court must review the Complaint to determine whether Plaintiff has established a viable claim for relief. *See id.* (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). To establish a viable claim for unpaid overtime wages, Plaintiff must sufficiently allege that Defendants were his "employers" under the FLSA, and that he was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 203(d) & 207(a)(1).

An "employer" under the FLSA is "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). To determine whether a person or corporation

is an employer under the FLSA, courts examine the totality of the employment relationship in light of economic realities. *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669 (5th Cir. 1968). The "economic reality" test requires courts to inquire into whether the alleged employer: "(1) possessed the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams*, 595 F.3d at 620. However, all elements need not be present to satisfy the test. *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). Under the economic reality test, a corporate officer may be an employer within the meaning of the FLSA (and thus jointly and severally liable along with the corporation) if he or she exercises "'managerial responsibilities' and 'substantial control of the terms and conditions of the [employer's] work.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971–972 (5th Cir. 1984) (quoting *Falk v. Brennan*, 414 U.S. 190, 195 (1973)).

Furthermore, the FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1). The FLSA does not define what it means for an employee to be "engaged in commerce," but the Fifth Circuit has adopted a practical test for making such a determination, which asks "'whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local

activity.'" *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam) (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)). "Work that is purely local in nature does not meet the FLSA's requirements, but '[a]ny regular contact with commerce, no matter how small, will result in coverage.'" *Williams*, 595 F.3d at 621 (quoting *Sobrinio*, 474 F.3d at 829).

In the present case, Plaintiff has sufficiently established that Defendants were his "employers" under the FLSA. Plaintiff alleged that Defendant William Linares is a "corporate officer and/or owner and/or manager" of Defendant Professional Frame and Home who ran the day-to-day operations of the company and was responsible for Plaintiff's wages, work, and schedule. Doc. 1, Pl.'s Compl., ¶ 4. Taking these allegations as true, the Court finds them sufficient to establish that Defendants were Plaintiff's "employers" under the FLSA. *See* 29 U.S.C. § 203(d); *cf. Ho v. Xpress Pho, LLC*, 2015 WL 1810339, at *4 (N.D. Tex. Apr. 20, 2015) (Boyle, J.) (denying default judgment in part because the plaintiff failed to plead any facts regarding the defendant's position or degree of control over the plaintiff's work schedule).

However, the Court finds that Plaintiff has not pleaded any facts to establish that he was "employed in an enterprise engaged in commerce or in the production of goods for commerce." Plaintiff alleged that the materials and goods that he and other employees used moved through interstate commerce, and that Defendants' business activities affected interstate commerce. Doc. 1, Pl.'s Compl., ¶¶ 10, 13. Absent from Plaintiff's Complaint, however, are any allegations regarding the types of activities that he or other employees performed or the types of materials and goods that they handled. *See Ho*, 2015 WL 1810339, at *4. Plaintiff has not alleged any facts that show "any regular contact with commerce." *Sobrinio*, 474 F.3d at 829. Rather, Plaintiff has merely echoed the language of the FLSA's definition of "enterprise engaged in commerce" and alleged in conclusory

fashion that Professional Frame and Home engages in interstate commerce. *See* 29 U.S.C. § 203(s)(1)(A)(i); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not well-pleaded factual allegations); *Ho*, 2015 WL 1810339, at *4 (denying default judgment in part because the plaintiff merely copied the definition of "enterprise engaged in commerce" and alleged that the defendants were such an enterprise). Thus, Plaintiff's allegations are not well-pleaded for default judgment purposes, and the Court cannot find a sufficient basis in Plaintiff's Complaint to hold Defendants liable under the FLSA for allegedly failing to pay Plaintiff an overtime rate. *See Nishimatsu*, 515 F.2d at 1206 (holding that "defendant is not held to admit facts that are not well-pleaded or to admit to conclusions of law.").

C.  *Damages*

Moreover, as previously noted in the Court's Order directing Plaintiff to supplement the record (Doc. 10), Plaintiff has failed to provide adequate evidence to substantiate his unpaid overtime claim, other than his own terse declaration.[1] Plaintiff has not provided any time sheets, pay stubs, bank statements, work logs, or other evidence to substantiate the length of employment, his hourly rate, or the hours he worked. *Cf. Gibbs v. Parr Mgmt., LLC*, 2013 WL 2355048, at *1 (N.D. Tex. May 29, 2013) (plaintiff provided detailed affidavit listing dates and work hours to support overtime claim); *Bell v. Able Sec. & Investigations, Inc.*, 2011 WL 2550846, at *1 (N.D. Tex. June 28, 2011) (plaintiff provided timekeeping records to support overtime claim). Similarly, Plaintiff has not

---

[1] Plaintiff has moved to extend the deadline to supplement the record with regard to damages and attorney's fees. *See* Doc. 12, Pl.'s Mot. Because the Court finds Plaintiff's Complaint insufficient to grant default judgment and orders Plaintiff to amend his Complaint, the Court **DENIES as moot** Plaintiff's Motion to Extend Time to Supplement the Record (Doc. 12).

provided any documents to support his request for attorney's fees, such as billing records detailing the charges and why those costs are reasonable. Therefore, even if the Court were to find a sufficient basis in Plaintiff's Complaint to support default judgment, the Court would still be reluctant to award Plaintiff damages at this time.

IV.

CONCLUSION

For the reasons stated above, the Court **DENIES without prejudice** Plaintiff's Motion for Final Default Judgment (Doc. 8). Should Plaintiff choose to re-file his motion, he must first amend his complaint, **by no later than July 11, 2019**, to address the deficiencies detailed in this Order. Plaintiff should then serve a copy of his amended complaint on Defendants. If Defendants do not answer or otherwise respond to Plaintiff's amended complaint within the time allowed under the Federal Rule of Civil Procedure, then Plaintiff may again move for default judgment following the procedures outlined in Rule 55. Plaintiff should include along with his motion for default judgment any and all time sheets, pay stubs, bank statements, work logs, or other evidence that he may have to substantiate the length of his employment, hourly rates, or the hours he worked, or provide an affidavit explaining why he is unable to supply the requested documents. Failure to comply with any of these requirements may result in Plaintiff's lawsuit being dismissed without prejudice.

SO ORDERED.

SIGNED: June 11, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT