UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LIBERATO VENTURA,<br>　　*Plaintiff*,<br><br>v.<br><br>PROFESSIONAL FRAME AND HOME;<br>and WILLIAM LINARES,<br>　　*Defendants*. | § § § § § § § § § § § 　Civil Action No. 3:18-CV-02659-X |

### MEMORANDUM OPINION AND ORDER

Liberato Ventura sued his employers, William Linares and Professional Frame and Home, for unpaid overtime wages and liquidated damages under the Fair Labor Standards Act. Both defendants never answered the complaint, and the clerk entered a default. Having already obtained the clerk's default on liability, Ventura now seeks a default judgment against the defendants that includes a damages award [Doc. No. 20]. For the reasons below, the Court **GRANTS** the motion for default judgment.

### I. Background

Ventura worked for Professional Frame and Home as a carpenter from January 20, 2015 until August 10, 2018. Ventura alleges that he worked an average of 64.5 hours per week but was never paid the extra half-time overtime rate for hours worked above 40 hours in a week, as required by the Fair Labor Standards Act.

After Ventura filed this suit, he served both defendants with the complaint and summons. Neither Defendant appeared or answered. Several months later, Ventura again served Defendants with his amended complaint and summons, and both again

failed to appear or otherwise answer. Ventura then moved for a clerk's default and a default judgment to assess damages. The defendants never responded to this motion.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3]  Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

### III. Application

The Court deems the facts on liability to be admitted and finds both William Linares and Professional Frame and Home not to be incompetent or a minor.  While Rule 55 allows for hearings, it does not command them.  Here, Ventura served both defendants a copy of the motion for default judgment, notifying them of their duty to respond.  They have yet to respond.  Ventura's motion is supported by his own affidavit.  As a result, a ruling without a hearing is proper.

#### A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors.  First, there are no material facts in dispute because neither defendant filed any responsive pleading.  Second, regarding substantial prejudice, the defendants' failure to respond could bring adversarial proceedings to a halt and substantially prejudice Ventura, but not themselves.  Third, the defendants' continual failure to respond or participate in this ligation clearly establishes grounds for the default.  Fourth, regarding mistake or neglect, there is no reason to believe the defendants are acting under a good faith mistake or excusable neglect.  Fifth, regarding the harshness of a default judgment,

---

[3] *Id.*

[4] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

the judgment would grant a remedy proscribed by the Fair Labor Standards Act—namely unpaid overtime, liquidated damages, and attorney's fees.[5] Sixth, regarding whether the court would grant a motion to set aside the default, the pleadings, the lack of response, and the consequential failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. Thus, the Court concludes a default judgment is appropriate under these circumstances.

## B. Sufficiency of Ventura's Complaint

Next, the Court must assess the merits of Ventura's claim considering his complaint. Although the defendants, by virtue of their default, are deemed to have admitted Ventura's well-pled allegations, the Court must nonetheless review the complaint to determine whether he established a viable claim for relief.[6] The Fair Labor Standards Act prevents employers from employing workers engaged in interstate commerce for a "workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed."[7] However, to establish a viable claim for unpaid overtime wages, the plaintiff must sufficiently allege that the defendants were his "employers" under the Fair Labor Standards Act, and that he was "employed in an enterprise engaged in commerce or in the production of goods for commerce."[8]

---

[5] 29 U.S.C § 216(b).

[6] *Nishimatsu*, 515 F.2d at 1206.

[7] 29 U.S.C. § 207(a).

[8] *Id*. §§ 203(d), 207(a)(1).

An "employer" under the Fair Labor Standards Act is "any person acting directly or indirectly in the interest of an employer in relation to an employee."[9] In determining whether a person or corporation is a qualifying employer, courts examine the totality of the employment relationship in light of economic realities.[10] This "economic reality" test requires courts to inquire into whether the alleged employer: "(1) possessed the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[11] The test, however, might be satisfied even if all elements are not present.[12] Under the economic reality test, a corporate officer may be an employer within the meaning of the Fair Labor Standards Act if he or she exercises "'managerial responsibilities' and 'substantial control of the terms and conditions of the [employer's] work.'"[13]

Further, the Fair Labor Standards Act defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail

---

[9] *Id.* § 203(d).

[10] *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669 (5th Cir. 1968).

[11] *Williams*, 595 F.3d at 620.

[12] *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012).

[13] *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971–972 (5th Cir. 1984) (quoting *Falk v. Brennan*, 414 U.S. 190, 195 (1973)).

level that are separately stated).[14]

The Fair Labor Standards Act does not describe when an employee is "engaged in commerce;" however, the Fifth Circuit employs a practical test which asks "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity."[15] "Work that is purely local in nature does not meet the [Fair Labor Standards Act's] requirements, but '[a]ny regular contact with commerce, no matter how small, will result in coverage.'"[16]

Here, Ventura sufficiently established that the defendants were his "employers" under the Fair Labor Standards Act. Plaintiff claimed that Linares is a "corporate officer and/or owner and/or manager" of Professional Frame and Home, who ran the day-to-day operations of the company and was responsible for Ventura's wages, work, and schedule.[17] Taking these allegations as true, the Court finds them sufficient to establish that the defendants were Ventura's "employers" under the Fair Labor Standards Act.

Further, Ventura sufficiently established that he was "employed in an enterprise engaged in commerce or in production of goods for commerce." In his amended complaint, Ventura specifies that he worked as a carpenter who framed

---

[14] 29 U.S.C. § 203(a)(1).

[15] *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam) (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)).

[16] *Williams*, 595 F.3d at 621 (quoting *Sobrinio*, 474 F.3d at 829).

[17] Doc. No. 14 at 1.

houses.[18] In order to frame houses in Texas, Ventura claims he used lumber provided by a company from Washington and several tools sold by companies located in or operating from Pennsylvania, Mississippi, Wisconsin, Ohio, North Carolina, South Carolina, Indiana, Maryland, Tennessee, Kentucky, Connecticut, Mexico, Taiwan, and China.[19] Taken as true, these facts sufficiently establish that Ventura's work activities include the "regular contact with commerce" required to bring him under the ambit of the Fair Labor Standards Act .[20] Accordingly, the Court **GRANTS** the motion for default judgment.

### C. Statute of Limitations

When determining the amount of damages to award to the plaintiff in the final default judgment, the Court must decide whether to apply the statute of limitations applicable to Fair Labor Standards Act claims. Statute of limitations is ordinarily an affirmative defense the defendant must plead to avoid waiver.[21] Nonetheless, a court is well within its authority to apply the statute of limitations when calculating damages in a Fair Labor Standards Act default judgment.[22] However, the Fair Labor Standards Act's statute of limitations is not jurisdictional.[23] Because the statute of

---

[18] Doc 14 at 2.

[19] Doc 14 at 3.

[20] *Sobrinio*, 474 F.3d at 829.

[21] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988).

[22] *See Bell v. Able Sec. & Investigations*, 2011 WL 2550846, at *2 (N.D. Tex. June 28, 2011) (Lindsay, J.) (entering default judgment in Fair Labor Standards Act action but limiting award of damages to three-year period for willful violation rather than awarding damages for entire period of employment).

[23] *Cf. Biziko v. Horne*, 2020 WL 7022384, *2–3 (5th Cir. Nov. 30, 2020) (determining that the "enterprise" element of the FLSA is not jurisdictional because it contains no jurisdictional language). The FLSA statute of limitations, contained in 19 U.S.C. § 255, similarly lacks jurisdictional language.

limitations does not implicate the Court's ability to adjudicate matters outside the time period, and the defendants effectively waived the affirmative defense by choosing to not participate in this case, the Court will not *sua sponte* apply the limitations period here.  Here's why: if the defendants cared to show up and defend this suit but did not raise the limitations defense, they would be on the hook for the entire amount in dispute.  If instead they fail to show up but the Court raises the limitations defense at default, that incentivizes defendants to default and let the Court do their lawyering for them.  The Court will award damages for Ventura's entire employment.

## D. Damages

An employer who violates the Fair Labor Standards Act's minimum wage or overtime pay provisions is "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."[24]  However, if an employer shows that the failure to pay wages required was in good faith or based on reasonable grounds for believing the failure was not a violation of the Act, the Court may, in its discretion, award no liquidated damages or a lesser amount.

Here, Ventura provided his own affidavit detailing his lost wages.[25]  Ventura specified his years of employment, his regular work schedule, and his pay rate

---

And "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 3 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006)).  Therefore the statute of limitations is not jurisdictional here.

[24] 29 U.S.C. § 216(b).

[25] Doc. No. 20, Exhibit A.

throughout those years of employment.[26]  Taken as true, these allegations are sufficient to establish the amount of Ventura's unpaid wages.[27]  Further, Ventura is entitled to an additional, equal amount in liquidated damages, unless the defendants can establish the violation was done in good faith or based on reasonable grounds for believing it was not a violation.[28]  Since the defendants bear this burden and opted to not participate in this litigation, the Court cannot reduce or eliminate the statutory liquidated damages award.[29]  The damages award, including actual and liquidated damages for Ventura's entire employment period, is $58,016.00.[30]

### E. Attorney's Fees

Ventura also seeks costs and attorney's fees.  The Fair Labor Standards Act authorizes a prevailing party in a related proceeding to recover costs and attorney's fees, and the award of attorney's fees is mandatory.[31]  Ventura is a prevailing party and is therefore entitled to attorney's fees.  The Court ORDERS Ventura to file a motion for attorney's fees within 14 days that includes evidence supporting the amount of reasonable fees and costs.

---

[26] *Id.*

[27] *See Gibbs v. Parr Mgmt., LLC*, 2013 WL 2355048, at *1 (N.D. Tex. May 29, 2013) (Lindsay, J.) (determining that the plaintiff's declaration detailing her hourly rate and number of hours worked was sufficient to establish her amount of unpaid wages in a default judgment evaluation on her Fair Labor Standards Act claim).

[28] 29 U.S.C. § 260.

[29] *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) ("A district court may not exercise its discretionary authority to reduce or eliminate a liquidated damage award unless the employer sustains the substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon . . . reasonable grounds." (quotation marks omitted) (alteration in original)).

[30] Doc. No. 20, Exhibit A at 4–5.

[31] 29 U.S.C. § 216(b).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Ventura's motion for default judgment against Linares and Professional Frame and Home. The Court awards Ventura actual and liquidated damages in the total amount of $58,016.00. By separate order, the Court will issue a final judgment. The Court further **ORDERS** Ventura to file a motion to recover attorney's fees within 14 days.

**IT IS SO ORDERED** this 18th day of December, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE